Leila Nourani (SBN 163336)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5408
Telephone: (213) 689-0404
Facsimile: (213) 689-0430
leila.nourani@jacksonlewis.com

Michelle K. Meek (SBN 259993)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California 92101
Telephone: (619) 573-4900
Facsimile: (619) 573-4901
michelle.meek@jacksonlewis.com

Attorneys for Defendant
OTTAWA UNIVERSITY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>OTTAWA UNIVERSITY,<br><br>Defendant. | Case No.: 20cv0959-WQH-MSB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT OTTAWA UNIVERSITY'S MOTION TO DISMISS THE COMPLAINT**<br><br>[Fed. R. Civ. Proc. Rule 12(b)(1)]<br><br>*(Filed concurrently with Notice of Motion and Motion and [Proposed] Order)*<br><br>Hearing Date: To Be Determined<br>Time: To Be Determined<br><br>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT<br><br>Complaint filed: May 26, 2020<br>Trial Date: Not Set |

## I. INTRODUCTION

Plaintiff Aparna Vashisht-Rota ("Plaintiff" or "Vashisht-Rota") asserts that her lawsuit against Defendant Ottawa University ("Defendant" or "Ottawa"), is subject to federal court jurisdiction pursuant to 28 U.S.C. § 1337(a), which provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies[.]" Plaintiff, however, fails to plead any "Act of Congress" which would confer jurisdiction under 28 U.S.C. § 1337. Plaintiff has not alleged any additional basis for invoking this Court's jurisdiction, and thus, her Complaint is subject to dismissal on this basis alone.

For purposes of argument in this Motion only, Defendant acknowledges that this Court's jurisdiction may arise from diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, Plaintiff cannot show that complete diversity of citizenship exists between the parties because she has wholly failed to allege Defendant's entity status or citizenship, and her Complaint should be dismissed on this basis as well.

Plaintiff's Complaint, on its face, fails to establish a basis for federal court jurisdiction. Defendant respectfully submits the following Memorandum of Points and Authorities in support of its Notice of Motion and Motion to Dismiss Plaintiff's Complaint without leave to amend for its failure to establish jurisdiction in this Court, with respect to the first, second, third, fourth, and fifth causes of action to Plaintiff's Complaint against Ottawa, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## II. STATEMENT OF FACTS AND RELEVANT PROCEDURAL HISTORY

On May 26, 2020, Plaintiff filed a Complaint in the United States District Court for the Southern District of California against Defendant alleging the following causes of action: (1) Unfair Competition; (2) Unfair Business Practices; (3) Failure to Correct

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 20cv0959-WQH-MSB

Reported Harassment; (4) Failure to Correct Reported and Ongoing Retaliation; and (5) Intentional Infliction of Cruelty[1].  (Dkt. No. 1).

Plaintiff alleges that the Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1337. (Dkt. No. 1, ¶ 12.) To support this claim, Plaintiff identifies the first cause of action in the Complaint as a claim for "unfair competition." (Dkt. No. 1, ¶ 14). Plaintiff fails to allege any "Act of Congress" in the Complaint. (Dkt. No. 1). Plaintiff does not allege any additional basis for invoking this Court's jurisdiction.

Plaintiff alleges that she resides in San Diego, California. (Dkt. No. 1, ¶ 13).  The Complaint is silent as to Ottawa's entity status or citizenship. (Dkt. No. 1).

On June 11, 2020, this Court issued an Order to Show Cause why this case should not be dismissed for lack of jurisdiction. Plaintiff was further ordered to respond to the Order to Show Cause within thirty (30) days of June 11, 2020. (Dkt. No. 4). As of the date of this Motion, fifty (50) days have passed since June 11, 2020. Plaintiff, however, has not filed a response to the Court's Order to Show Cause.

III. **ARGUMENT**

**A.   A Rule 12(b)(1) Motion to Dismiss Is Appropriate to Challenge Jurisdictional Defects in a Complaint and May Be Brought at Any Time.**

"Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an action from federal court for lack of subject matter jurisdiction." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001.  A plaintiff, as the party invoking the court's jurisdiction, bears the burden of establishing federal subject matter jurisdiction under Federal Rule of Civil Procedure ("FRCP") 12(b)(1). *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

///

---

[1] On July 24, 2020, Defendant filed a Notice of Related Case to inform the Court that the instant matter is related to an earlier-filed case pending in this Court, *Aparna Vashisht- Rota vs. Howell Management Services and Chris Howell*, United States District Court S.D. California Case No. 20-cv-0321-JLS-KSC. (Dkt. No. 15.) Defendant has requested that the instant matter be consolidated with the earlier-filed case before the Honorable Janis L. Sammartino. The request is pending.

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 20cv0959-WQH-MSB

"A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.'" *Tosco*, *supra*, 236 F.3d at 499 (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).  Pursuant to FRCP 12(b)(1) and (h)(3), the Court may entertain a motion to dismiss for lack of subject matter jurisdiction at any time.  A court should not grant a plaintiff leave to amend a complaint following a successful motion to dismiss if "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### B.  **Plaintiff Has Not Established Jurisdiction Pursuant to 28 U.S.C. § 1337.**

28 U.S.C. § 1337(a) provides that "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies[.]" Although Plaintiff identifies the first cause of action in the Complaint as a claim for "unfair competition," Plaintiff identifies no "Act of Congress" in the Complaint that would allow 28 U.S.C. § 1337 to confer subject matter jurisdiction. 28 U.S.C. § 1337(a). Therefore, Plaintiff has failed to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1337. Defendant respectfully requests that Plaintiff's Complaint be dismissed for lack of jurisdiction on this basis alone.

Moreover, Plaintiff has not alleged any additional basis for invoking this Court's jurisdiction. For purposes of argument in this Motion only, Defendant acknowledges that this Court's jurisdiction may arise from diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, as discussed below, Plaintiff has also failed to establish diversity jurisdiction.

### C.  **Plaintiff Bears the Burden of Establishing Diversity Jurisdiction.**

The citizenship of the parties is a jurisdictional fact in diversity actions.  The burden is on the plaintiff – the party invoking federal jurisdiction – to plead and prove such facts. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 186 (1936).   The preponderance of the evidence standard applies. *Middleton v. Stephenson*, 749 F.3d 1197,

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 20cv0959-WQH-MSB

1200 (10th Cir. 2014).  In effect, the Court presumes lack of jurisdiction until plaintiff proves otherwise.  *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 376-378; *In re Wilshire Courtyard*, 729 F.3d 1279, 1284 (9th Cir. 2013).  Any doubt as to whether jurisdiction exists is normally resolved against a finding of such jurisdiction.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

The parties to a federal civil action cannot manufacture subject matter jurisdiction (e.g., by stipulation, consent, or inaction) where jurisdiction does not exist.  *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986).  Further, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434.

For purposes of this motion, Defendant does not challenge Plaintiff's assertion that the amount in controversy exceeds $75,000.  Defendant challenges Plaintiff's ability to establish that diversity of citizenship exists between the parties.

### D.     **Plaintiff Fails to Establish Complete Diversity of Citizenship Between the Parties from the Allegations on the Face of Her Complaint.**

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332.  Federal diversity jurisdiction requires that all parties to the action be "citizens of different states" or "citizens or subjects of a foreign state."  28 U.S.C. § 1332(a).  Diversity of citizenship requires that *all* parties to the action be "citizens" of different states, and any instance of common citizenship prevents federal diversity jurisdiction.  *Strawbridge v. Curtiss* 7 U.S. 267 (1806); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74, (1978).

For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090.  A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return.  *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  According to

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 20cv0959-WQH-MSB

the Complaint, Plaintiff resides San Diego, California. (Dkt. No. 1, ¶ 13). Thus, Plaintiff is a citizen of California for purposes of diversity because she has pled that her residence is in California.

For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business …." 28 U.S.C. § 1332(c)(1). Corporations incorporated in one state, and having their principal places of business in another, are citizens of **both** states. They can sue or be sued in diversity actions *only if* no opposing party is a citizen of *either state*. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-492 (9th Cir. 1972). This operates as a significant limitation on federal diversity jurisdiction because dual citizenship increases the chances that some opposing party will be a citizen of one of those states. The Complaint is silent as to Defendant's entity status or citizenship. (Dkt. No. 1).

Plaintiff's failure to allege Defendant's entity status or citizenship prevents her from establishing that the parties are diverse. Therefore, Plaintiff cannot establish diversity of citizenship. Thus, this Court lacks subject matter jurisdiction, and the Complaint is subject to dismissal under Rule 12(b)(1).

## IV. CONCLUSION

For the foregoing reasons, Defendants submit that Plaintiff's Complaint fails to establish a basis for federal court jurisdiction. Defendant respectfully request that the present Motion to Dismiss be granted, and the Complaint dismissed, with prejudice.

DATED: July 31, 2020    JACKSON LEWIS P.C.

By: */s/ Michelle K. Meek*
Leila Nourani
Michelle K. Meek

Attorneys for Defendant
OTTAWA UNIVERSITY

4816-9526-3174, v. 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
CASE NO. 20cv0959-WQH-MSB