UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>                                   Plaintiff,<br><br>v.<br><br>OTTAWA UNIVERSITY,<br><br>                                   Defendant. | Case No.: 20-CV-959 TWR (KSC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>(ECF No. 28) |

Presently before the Court is Defendant Ottawa University's Motion to Dismiss First Amended Complaint ("Mot.," ECF No. 28).  The Court held a hearing on November 4, 2020.  Having carefully considered Plaintiff's First Amended Complaint ("FAC," ECF No. 25), the Parties' arguments, and the law, the Court **GRANTS** Defendant's Motion to Dismiss and **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint.

## BACKGROUND[1]

On November 22, 2019, Plaintiff filed a "confidential complaint" with a "neutral third-party reporting system (EthicsPoint) affiliated with [Defendant]" . . . regarding

---

[1] The facts alleged in Plaintiff's First Amended Complaint are accepted as true for purposes of Defendant's Motion. *See Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (holding that, in ruling on a motion to dismiss, the Court must "accept all material allegations of fact as true").

Defendant's "vendors' actions." (*See* FAC at 3.)  The following was stated on Defendant's EthicsPoint website:

> "All members of the Ottawa University Community are responsible for sustaining the highest ethical standards of the University, and of the broader communities in which it functions. . . the Code applies to administration, faculty, staff, students, **vendors, contractors, and subcontractors,** and to volunteers elected or selected to serve University positions . . . All persons, regardless of their position, or status within the University or the community, shall be responsible for their conduct throughout their relationship with the University. [emphasis added]."

(*Id.* (citing ECF No. 25-1 at 2).) The website repeatedly stressed that the "communication is anonymous, confidential, and private," and specified that "the EthicsPoint system and report distribution are designed so that implicated parties are not notified or granted access to reports in which they have been named." (*Id.* at 4 (citing ECF No. 25-2).)

On November 22, 2019, Defendant's Associate Vice President of Compliance and Title IX Coordinator, Ms. Carrie Anne Stevens, contacted the implicated parties in Plaintiff's report, who Plaintiff was also involved in contentious litigation with, "regarding Plaintiff's confidential complaint and revealed, without Plaintiff's permission, her confidential and private mental health information." (*Id.* at 5.)  Ms. Stevens was "tasked with not revealing confidential information except with the express permission of the complaining party, which Plaintiff never provided." (*Id.* at 6.)  "Once Plaintiff discovered her privacy and confidentiality was breached, she was distraught, horrified, humiliated, shocked, and frightened."  (*Id.* at 4.)  Defendant's actions contributed to Plaintiff's "extreme emotional distress and made an already urgent and potentially life-threatening situation very dire." (*Id.*)

On May 26, 2020, Plaintiff, proceeding pro se, filed a Complaint against Defendant, alleging causes of action for unfair competition, unfair business practices, in violation of California Business and Professions Code section 17200, failure to correct reported harassment, failure to correct reported and ongoing retaliation, and intentional infliction of cruelty. (*See generally* ECF No. 1.)  On July 31, 2020, Defendant filed a Motion to Dismiss

the Complaint. (ECF No. 18).[2] On August 18, 2020, Plaintiff, proceeding through counsel, filed the First Amended Complaint, alleging causes of action for: (1) breach of fiduciary duty of confidentially; (2) breach of fiduciary duty to use reasonable care; (3) invasion of privacy; (4) public disclosure of private facts; (5) negligent infliction of emotional distress; and (6) negligence. (*See generally* ECF No. 25.) On September 1, 2020, Defendant filed the instant Motion to Dismiss the FAC (ECF No. 28).

## LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads

---

[2] Because Plaintiff filed the FAC while the Defendant's Motion to Dismiss the Complaint was pending, the Court denied the motion to dismiss as moot. (ECF No. 26.)

20-CV-959 TWR (KSC)

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## ANALYSIS

### I.   Breach of Fiduciary Duty of Confidentiality and Breach of Fiduciary Duty to Use Reasonable Care ("Breach of Fiduciary Claims")

In reviewing Plaintiff's first two claims, the Court must first consider whether Plaintiff alleges sufficient facts to establish the existence of a fiduciary relationship between Plaintiff and Defendant. *See MobiApps, Inc. v. Quake Glob., Inc.*, No. 06CV1574-LAB (JMA), 2007 WL 9776642, at *6-7 (S.D. Cal. May 9, 2007) (dismissing breach of fiduciary duty claim because the plaintiff failed to plead the existence of a duty). "To establish a cause of action for breach of fiduciary duty, a plaintiff must demonstrate the existence of a fiduciary relationship, breach of that duty and damages." *Charnay v. Cobert*, 145 Cal. App. 4th 170, 182 (2006) (citing *Benasra v. Mitchell Silberberg & Knupp LLP*, 123 Cal. App. 4th 1179, 1183 (2004); *Pierce v. Lyman*, 1 Cal. App. 4th 1093, 1101 (1991). Plaintiff alleges that Defendant's "confidential portal created a fiduciary relationship," (*see* FAC at 6–7), while Defendant contends that "Plaintiff's alleged disclosure of purported confidential personal information to Defendant cannot rise to . . . a fiduciary duty." (*See*

Motion at 4.)  For the reasons set forth below, the Court concludes that Plaintiff has failed the allege the facts necessary to establish the existence of a fiduciary relationship.

"A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party."  *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 29 (2003) (quotations omitted).  Fiduciary duties are either imposed by law or undertaken by agreement.  *Maglica v. Maglica*, 66 Cal. App. 4th 442, 447 (1998), *as modified on denial of reh'g* (Sept. 28, 1998).  A fiduciary duty is imposed by law in relationships such as those between a guardian and ward, trustee and beneficiary, principal and agent, or attorney and client.  *Barbara A. v. John G.*, 145 Cal. App. 3d 369, 382 (Ct. App. 1983).  "A fiduciary duty is undertaken by agreement when one party enters into a confidential relationship with another."  *Maglica*, 66 Cal. App. 4th at 447.  "A 'confidential relationship' imposing fiduciary duties does not arise every time two parties share confidences with one another."  *City Sols., Inc. v. Clear Channel Commc'ns, Inc.*, 201 F. Supp. 2d 1048, 1050 (N.D. Cal. 2002).  "The mere fact that in the course of their business relationships the parties reposed trust and confidence in each other does not impose any corresponding fiduciary duty."  *Id.* (quoting *Worldvision Enter., Inc. v. Am. Broad. Cos., Inc.*, 142 Cal. App. 3d 589, 595 (2d Dist. 1983)).  A "confidential relationship" arises only "where a confidence is reposed by one person in the integrity of another, and . . . the party in whom the confidence is reposed . . . voluntarily accepts or assumes to accept the confidence."  *Id.*  "The key factor in the existence of a fiduciary relationship lies in control by a person over the property of another."  *Vai v. Bank of Am. Nat'l Tr. & Sav. Ass'n*, 56 Cal. 2d 329, 338 (1961).

At this juncture, accepting Plaintiff's allegations as true and drawing all reasonable inferences in her favor, the Court finds that Plaintiff has failed to sufficiently allege facts which establish the existence of a fiduciary relationship between Plaintiff and Defendant. Specifically, the Court finds that the allegations in the FAC fail to establish that Defendant had a fiduciary duty toward Plaintiff that was either (1) imposed by law or (2) undertaken by agreement.  (*See* Reply at 4–5).  Notably, the FAC is devoid of facts establishing any

type of significant relationship between Plaintiff and Defendant.  (*See id.*)  Plaintiff's allegations do not establish that Defendant undertook a fiduciary duty by agreement or that Defendant had control over the property of Plaintiff.  Plaintiff's allegations describe only that Plaintiff made a complaint through the "neutral third-party reporting system (EthicsPoint) affiliated with [Defendant]" regarding Defendant's "vendors" and that Plaintiff expected her complaints to be kept anonymous, confidential, and private, as the website represented.  (*See* FAC at 3–4).  Although Plaintiff alleges additional facts in her Opposition to the Defendant's Motion to Dismiss, the Court cannot consider facts outside of those alleged within the four corners of the FAC.  *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) (stating that new allegations contained in the opposition to the motion to dismiss are irrelevant for Rule 12(b)(6) purposes, because in determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss).

The mere fact that Plaintiff utilized Defendant's confidential complaint procedure to make a claim against a vendor is insufficient to show Defendant undertook a fiduciary duty by agreement.  (*See* Motion at 4); *See Davies v. Krasna*, 14 Cal. 3d 502, 511 (1975) (finding that submission of a written story in confidence to another "may impose upon [the other] a duty to refrain from unauthorized disclosure of the idea, but [it is] insufficient to impose upon him the fiduciary-like duties".)  Accordingly, the Court **GRANTS** the Motion to Dismiss as to Plaintiff's Breach of Fiduciary Claims.

## II.    Invasion of Privacy and Public Disclosure of Private Facts

Plaintiff alleges that without her permission, Defendant's employee, Ms. Stevens, revealed information in the report Plaintiff filed on Defendant's website, including Plaintiff's confidential mental health information, to parties with whom Plaintiff was entangled in contentious litigation.  (*See* FAC at 3–5.)  Defendant contends that Plaintiff did not have a reasonable expectation of privacy as to the interests allegedly invaded because Plaintiff voluntarily disclosed her mental health information and consented to the

complaint process, where disclosure of her confidential information was expected and/or permissible.   Moreover, Defendant asserts that Plaintiff has failed to allege that disclosure of her private information was widely published and not confined to a few persons or limited circumstances.  (*See* Motion at 8–9).

   1.   *Invasion of Privacy*

   To establish an invasion of privacy claim under the California Constitution, a plaintiff must show:  (1) he possesses a legally protected privacy interest; (2) he maintains a reasonable expectation of privacy; and (3) intrusion that is "so serious . . . as to constitute an egregious breach of the social norms" such that the breach is "highly offensive."  *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 601 (9th Cir. 2020).

   "The California Constitution sets a 'high bar' for establishing an invasion of privacy claim."  *See Belluomini v. Citigroup, Inc.,* No. CV 13–01743 CRB, 2013 WL 3855589, at *6 (N.D. Cal. 2013).  "Even disclosure of very personal information has not been deemed an 'egregious breach of social norms' sufficient to establish a constitutional right to privacy."  *Id.*; *see also In re iPhone Application Litig.,* 844 F.Supp.2d 1040, 1063 (N.D. Cal. 2012) (holding that the disclosure to third parties of unique device identifier number, personal data, and geolocation information did not constitute an egregious breach of privacy sufficient to prove a serious invasion of a privacy interest); *Ruiz v. Gap, Inc.,* 540 F.Supp.2d 1121, 1127–28 (N.D.Cal.2008) (9th Cir. 2010) (holding that the theft of a retail store's laptop containing personal information, including the social security numbers, of job applicants did not constitute an egregious breach of privacy and therefore was not sufficient to state a claim).

   In the FAC, Plaintiff provides general conclusory statements that she had a reasonable expectation of privacy in filing a report on Defendant's website, (*see* FAC at 25), without alleging which specific information in the report constituted her legally protected interest.  Based on Plaintiff's allegations, the Court can surmise that Plaintiff is alleging that the information Plaintiff provided in her entire report, including Plaintiff's confidential mental health information, was Plaintiff's legally protected interest.  However,

Plaintiff fails to allege facts to show which information in the report, aside from the confidential mental health information, constituted Plaintiff's legally protected interest. *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1040 (N.D. Cal. 2014) (holding that the plaintiff's claim for invasion of privacy fails as a matter of law and that plaintiff must allege which specific content in the emails she has protectable privacy interest).  Further, Plaintiff does not allege sufficient facts to show that Defendant's intrusion was so serious as to constitute an egregious breach of the social norms such that the breach was highly offensive.  Accordingly, the Court **GRANTS** the Motion to Dismiss as to Plaintiff's Invasion of Privacy claim.

       2.    *Public Disclosure of Private Facts*

The elements of a cause of action for public disclosure of private facts are: "'(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person and (4) which is not of legitimate public concern.'"  *Shulman v. Group W Productions, Inc.*, 18 Cal.4th 200, 214 (1998).  The actionable "disclosure must be widely published and not confined to a few persons or limited circumstances."  *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 27 (1994).

Plaintiff fails to allege that Defendant widely published Plaintiff's "confidential information."   Rather, Plaintiff alleges that Defendant revealed her confidential information to the parties with whom the Defendant knew (or should have known) Plaintiff had pending legal claims.  (*See* FAC at 3–5.)  Accordingly, the Court **GRANTS** the Motion to Dismiss as to Plaintiff's Public Disclosure of Private Facts claim.

## III.   Negligence and Negligent Infliction of Emotional Distress

The final two claims alleged in the FAC are negligence-based.  The elements of a negligence cause of action are:  (1) a duty; (2) a breach of duty; (3) causation; and (4) damages.  *Koepke v. Loo*, 18 Cal. App. 4th 1444, 1448–49 (1993).  A cause of action for negligent infliction of emotional distress is not an independent tort; "rather it is the tort of negligence to which the duty element applies."  *Sconiers v. California Dep't of Soc. Servs.*, No. 07-CV-00972-AWI-DLB, 2008 WL 4196599, at *6 (E.D. Cal. Sept. 11, 2008).

Courts uniformly rely on the *Rowland* factors to determine whether a party owes another a duty of reasonable care:

> "[T]he foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved."

*Rowland v. Christian*, 69 Cal. 2d 108, 113 (1968).

Here, Plaintiff's allegations in the First Amended Complaint are insufficient to show Defendant had a duty to Plaintiff based on the *Rowland* factors.   While it is true that Plaintiff has brought other arguably relevant facts to the Court's attention through submission of her response to the instant motion, the Court cannot consider those facts in assessing the sufficiency of the FAC.   The Court therefore **GRANTS** the Motion to Dismiss as to Plaintiff's Negligence and Negligent Infliction of Emotional Distress claims.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 28) and **DISMISSES WITHOUT PREJUDICE** Plaintiff's First Amended Complaint (ECF No. 25) in its entirety.   Plaintiff **MAY FILE** an amended complaint <u>on or before twenty-one (21) days of the electronic docketing of the Order</u>.

Dated:  November 6, 2020

_____
Honorable Todd W. Robinson
United States District Court