UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA,<br><br>                          Plaintiff,<br>v.<br><br>OTTAWA UNIVERSITY,<br><br>                          Defendant. | Case No.: 3:20-cv-00959-RBM-KSC<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT PREJUDICE PENDING SUPPLEMENTAL BRIEFING (Doc. 49);**<br><br>**(2) DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT WITHOUT PREJUDICE PENDING SUPPLEMENTAL BRIEFING (Doc. 49); and**<br><br>**(3) REQUIRING SUPPLEMENTAL BRIFING**<br><br>**[Doc. 49]** |

On January 25, 2021, Defendant Ottawa University ("Defendant" or "OU") filed a

1

motion to dismiss ("Motion to Dismiss") and motion to strike ("Motion to Strike") Plaintiff's second amended complaint (Doc. 48) ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f) ("Motion"). (Doc. 49.)  Plaintiff Aparna Vashisht-Rota ("Plaintiff" or "Vashisht-Rota"), appearing pro se, filed an opposition on May 4, 2021. (Doc. 52.) Defendants filed a reply on May 5, 2021.[1] (Doc. 53.) Plaintiff filed a sur-reply, without leave of court. (Doc. 54.)

For the reasons below, Defendant's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**, Defendant's Motion to Strike is **DENIED WITHOUT PREJUDICE**, and the Court **ORDERS** supplemental briefing as to the statute of limitations and relation back issue as set forth in detail below.

## I.   BACKGROUND

This is the third iteration of Plaintiff's complaint.  Plaintiff filed her initial complaint (Doc. 1) on May 26, 2020, and then a superseding first amended complaint ("FAC") on August 18, 2020 (Doc. 25).  Defendant filed a motion to dismiss the FAC, which the Court granted and dismissed the FAC without prejudice.  (*See* Docs. 28, 38.)  The Court incorporates several background facts from the November 6, 2020 order below.  (*See* Doc. 38.)

Plaintiff is one of the founders of Defendant's curricular practical training ("CPT") program, which allows foreign students to obtain work authorization at the university level

---

[1] Defendant's reply contends Plaintiff's opposition brief is not timely, and her case should be dismissed for failure to follow Judge Robinson's Civil Standing Order, which alters the briefing schedule for motions set forth in this District's Local Rules. (Doc. 53.) Pursuant to Judge Robinson's Civil Standing Order, Plaintiff had until April 21, 2021 to file an opposition, and she did not file until two weeks later on May 4, 2021. (*Id*. at 2.) Defendant alternatively requests additional time to file a substantive reply, to the extent the Court is inclined to consider Plaintiff's opposition on the merits. Plaintiff's sur-reply alleges she filed her opposition in good faith, and attempted to comply with the briefing schedule set forth in the Local Rules. (Doc. 54.)  The Court declines to strictly enforce Judge Robinson's procedural rules at this time and will consider the merits of Plaintiff's opposition.

while awaiting work visas. (*See* SAC at 3-4.) Plaintiff alleges Defendant is in a principal/agent relationship with "Main Agent," who acts on Defendant's behalf for international student recruitment. (*Id.* at 4.) "Main Agent" is Plaintiff's former employer that allegedly subjected Plaintiff to harassment, refused to pay Plaintiff for two years of work, sued Plaintiff in November 2017, and acted as a restraint on her trade in placing foreign students at OU. (*See* SAC at 4-5, 13-14.)

In early 2019, Plaintiff shared a "private grievance" via email to Defendant's employee, Supervisor of International Recruitment DeWald,[2] regarding Defendant's "Main Agent." (*Id.* at 5.) Plaintiff alleges "DeWald simply forwarded the messages to Plaintiff's abuser of 4 years at that time, the implicated party." (*Id.*) Additionally, on November 22, 2019, Plaintiff filed a "confidential complaint" with a "neutral third-party reporting system (EthicsPoint) affiliated with Defendant" . . . regarding Defendant's "Main Agent." (*See* SAC at 3-6.) The following was stated on Defendant's EthicsPoint website:

> "[a]ll members of the Ottawa University Community are responsible for sustaining the highest ethical standards of the University, and of the broader communities in which it functions . . . the Code applies to administration, faculty, staff, students, **vendors, contractors, and subcontractors,** and to volunteers elected or selected to serve University positions . . . All persons, regardless of their position, or status within the University or the community, shall be responsible for their conduct throughout their relationship with the University."

(*Id.* at 6 (citing Doc. 48-1 at 1).) The website repeatedly stressed that the "communication is anonymous, confidential, and private" and specified that "the EthicsPoint system and report distribution are designed so that implicated parties are not notified or granted access to reports in which they have been named." (*Id.* at 6 (citing Doc. 48-2).)

Plaintiff alleges "Defendant notified and granted access to some or all of [Plaintiff's] report to the named implicated party." (*Id.* at 6.) Plaintiff alleges Defendant's employees, DeWald and Supervisor of Compliance Carrie Stevens "aided, abetted, and retaliated

---

[2] The full name of this employee is not identified in the SAC.

against Plaintiff by contacting the implicated parties regarding Plaintiff's confidential complaint and revealed, without Plaintiff's permission, her confidential and private health information." (*Id.*) She claims Defendant is vicariously liable for DeWald and Stevens' alleged negligence, aided and abetted in Main Actor's harassment, and failed to take immediate and corrective action of the harassment. (*see generally* SAC.)

### A. Claims in Initial Complaint

Plaintiff, proceeding pro se at the time, filed her initial complaint on May 26, 2020, asserting the following causes of action: (1) unfair competition; (2) unfair business practice in violation of Cal. Bus. & Prof. §§ 17200 *et. seq*; (3) failure to correct reported harassment; (4) failure to correct reported retaliation; and (5) "intentional infliction of cruelty". (Doc. 1.) Defendant filed a motion to dismiss, however, the Court denied it as moot due to the "subsequent filing of a superseding First Amended Complaint." (*See* Docs. 18, 26.)

### B. Claims in FAC

Plaintiff, represented by counsel at the time, filed a subsequent FAC on August 18, 2020 asserting the following causes of action: (1) breach of fiduciary duty of confidentially; (2) breach of fiduciary duty to use reasonable care; (3) invasion of privacy; (4) public disclosure of private facts; (5) negligent infliction of emotional distress; and (6) negligence. (*See generally* ECF No. 25.) District Judge Todd W. Robinson dismissed Plaintiff's FAC in its entirety without prejudice. (Doc. 38.) As to the first two causes of action, Judge Robinson found the FAC failed to establish that Defendant undertook a fiduciary duty by agreement. (*Id.* at 6.) As to the third cause of action, Judge Robinson found Plaintiff failed to allege facts to show what information constituted her legally protected interested, and that "Defendant's intrusion was so serious as to constitute an egregious breach of the social norms such that the breach was highly offensive." (*Id.* at 8.) Judge Robinson dismissed the fourth cause of action because Plaintiff failed to allege that Defendant widely published Plaintiff's confidential information. (*Id.*) Finally, Judge Robinson dismissed the negligence-based claims finding the FAC failed to sufficiently show Defendant owed Plaintiff any duty. (*Id.* at 8-9.) Judge Robinson gave Plaintiff the opportunity to file an

amended complaint on or before November 27, 2020.[3] (*Id.* at 9.)

C. <u>Claims in SAC</u>

Plaintiff, now representing herself pro se, asserts the following causes of action in the operative SAC: (1) negligence—vicarious liability; (2) retaliation for opposing harassment and discrimination in violation of [Cal. Gov. Code § 12940 (h) ("FEHA")]; (3) aiding, abetting and inciting harassment in violation of FEHA; (4) failure to correct harassment in violation of FEHA; (5) unfair business practice in violation of Cal. Bus. & Prof. §§ 17200 *et. seq* ("UCL"); (6) prohibited restraints on trade in violation of Cal. Bus. & Prof. § 16720 ("the Cartwright Act"); (7) violation of Cal. Civ. Code §§ 51, 51.5, 51.9 and FEHA § 12948; (8) violation of Civil Code § 51.5; and (9) failure to prevent discrimination in violation of Civil Code § 51

D. <u>Prior & Pending Related Cases in this District</u>

Vashisht-Rota has filed several other related cases in this District,[4] four of which are

---

[3] Plaintiff attempted to file her SAC on November 28, 2020, but it was stricken for filing deficiencies. (*See* Docs. 41-43.) The operative SAC was filed on January 11, 2021, after the Court granted Plaintiff leave to electronically file documents as a pro se litigant. (*See* Docs. 47-48.)

[4] Accompanying Defendant's motion is a request for judicial notice of all past and pending litigation involving Plaintiff related to her business. (Doc. 49-2.) Additionally, accompanying Plaintiff's opposition is a request for judicial notice of ten exhibits, including a news articles regarding Defendant's business, an arbitration decision involving Plaintiff and Michael Hernandez, orders and filings from the Utah state court action, a referral fee agreement between Plaintiff and Michael Hernandez, and an order from a Utah state court in *Diamond Ranch Academy, Inc. v. Chelsea Filer*. (Doc. 52-10; *see also* Docs. 52-11–Doc. 52-23.) In deciding the present motions, the Court grants the parties' request for judicial notice of the filings from the prior federal actions and the pending state court action in Utah involving Plaintiff. *See United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *see also ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 56 F. Supp. 3d 1121, 1136 (C.D. Cal. 2014) ("[i]t is well established that federal courts may take judicial notice of related state court orders and proceedings."). The Court denies Plaintiff's request for judicial of the other documents at this time, as the opposition does not make clear how the information is

before the undersigned where she is appearing pro se. *See Vashisht-Rota v. Howell Management Services*, 20-cv-321-RBM-KSC[5]; *Vashisht-Rota v. Harrisburg Univ.*, No. 20-cv-967-RBM-KSC; *Vashisht-Rota v. Bluechip Servs.*, No. 22-cv-900-RBM-KSC; and *Vashisht-Rota v. Utah Attorney General*, No. 22-cv-978. Plaintiff, through counsel, filed two other lawsuits against Howell Management Services which were dismissed at the pleading stage due to the claims arising from the same transaction or occurrence as claims pending in Utah state court litigated between the parties. *See generally Rota v. Howell Management Services, et. al.*, No. 3:18-cv-02010-L-AGS; *Rota v. Howell Management Services, LLC*, No. 3:19-cv-0512-L-MDD.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), an action may be dismissed for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

---

relevant and necessary to deciding the matters at issue. *See Neylon v. City of Inyo*, No. 16-cv-712-AWI-JLT, 2016 WL 6834097 (E.D. Cal. Nov. 18, 2016) (if an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied) (citing *Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1410 n. 2 (9th Cir. 1990)).

[5] This case is presently on appeal.

"A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted). In deciding whether justice requires granting leave to amend, factors to be considered include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Federal Rule of Civil Procedure ("Rule") 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Rule 12 provides that a court may act either on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Id*. "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule "12(f) motions are 'generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic.'" *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 563–64 (S.D. Cal. 2012) (quoting *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d 1101, 1152 (C.D. Cal. 2003)).

### III.   DISCUSSION

A.   <u>Motion to Dismiss</u>

Defendant seeks dismissal of the SAC on two separate grounds, including: (1) claims two through nine were not timely filed within the applicable statute of limitations and do not relate back to the FAC pursuant to Rule 15; and (2) all causes of action fail to state

claims for relief pursuant to Rule 12(b)(6).  (Doc. 49-1 at 17-32.)

        i.     Rule 15

Under Rule 15(a), a party may amend their pleading once as a matter of course before a responsive pleading or Rule 12 motion is served and may seek leave of court to amend their pleading at any time during the proceeding.  FED. R. CIV. P. 15(a).  Under Rule 15(c), a party's amendments made after the statute of limitations has run will relate back to the date of their original pleading if the amended pleadings arise out of the "conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading[.]" *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  An amended claim arises out of the same conduct, transaction, or occurrence if it "will likely be proved by the same kind of evidence offered in support of the original pleading." *ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (internal quotation and citation omitted).  The original and amended pleadings "must share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Id.* (internal quotations and citation omitted).  The relation back doctrine is liberally applied—its purpose is to "provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities" while still giving defendant fair notice to anticipate claims that might follow from the facts alleged by the plaintiff. *ASARCO, LLC*, 765 F.3d at 1004-1005.  It is plaintiff's burden to establish requirements for relation back. *Johnson v. Evans*, No. CIV S005-1223-JAM DAD P, 2009 WL 3049000, *4 (E.D. Cal. Sept. 18, 2009) (citing cases).

The term "original pleading," for purpose of determining whether an amendment relates back, refers to the complaint in an ordinary civil case and the petition in a habeas proceeding.  *Mayle*, 545 U.S. at 655.  In the Ninth Circuit, "an amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citing *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012)).

The issue here is whether the second through ninth claims in Plaintiff's SAC are barred by the statute of limitations and, if so, whether those claims relate back to the FAC. FEHA's limitations period has recently been extended from one to three years, but this enlarged period generally does not apply retroactively to lapsed claims. *See* CAL. GOV'T CODE § 12960(e) (as amended by A.B. No. 9 § 1, 2019-20 Sess. (Cal. 2019)); *see also Moreno v. City of Porterville*, No. 21-cv-865-JLT-BAM, 2022 WL 14128245, *4, n.3 (E.D. Cal. Oct. 24, 2022). Applying California Government Code § 12960(e), Defendant alleges the Unruh Civil Rights Act has a one-year statute of limitations. (Doc. 49-1 at 18.) However, courts have held the Unruh Civil Rights Act does not have a single statute of limitations: some courts apply California's two-year personal injury statute of limitations, and some courts apply the three-year statute of limitations applicable when liability is created upon a statute. *See O'Shea v. Cty. of San Diego*, No. 19-cv-1243-BAS-BLM, 2019 WL 4674320, *4 (S.D. Cal. Sept. 24, 2019) (collecting cases); *see also Montoya v. City of San Diego*, No. 19-cv-54-JM-BGS, 2021 WL 2350927, *4 (S.D. Cal. June 9, 2021); *Alcaraz v. FMF Oakland LLC*, No. 2020 WL 4539099, *9 (N.D. Cal. Aug. 6, 2020). The limitations period for California's Unfair Competition Law and Cartwright Act is four years. *See* Cal. Bus. & Prof. Code §§ 16750.1, 17208.

Many of the allegations in Plaintiff's SAC reference conduct occurring in January 2019, and Plaintiff filed the SAC on January 11, 2021. (*See generally* Doc. 48.) Thus, the statute of limitations may preclude some of Plaintiff's claims if they do not relate back to the FAC. However, the Court finds the parties' briefing on the statute of limitations and relation back issue insufficient. Accordingly, the Court orders supplemental briefing as outlined below. Because the statute of limitations is a predicate issue, the undersigned holds its ruling on Sections III(B) through (H) and Section IV of Defendant's Motion to Dismiss and Motion to Strike in abeyance pending receipt of the parties' supplemental briefing on the statute of limitations and relation back issue.

## IV.   CONCLUSION

For the reasons discussed above:

1. Defendant's Motion to Dismiss (Doc. 49-1) is **<u>DENIED WITHOUT PREJUDICE</u>**, pending supplemental briefing on the statute of limitations and relation back issue.

2. Defendant's Motion to Strike Plaintiff's Second Amended Complaint (Doc. 49-1) is **<u>DENIED WITHOUT PREJUDICE</u>**, pending supplemental briefing on the statute of limitations and relation back issue.

3. The Court **ORDERS** supplemental briefing as to (1) whether claims two through nine in Plaintiff's Second Amended Complaint were filed within the applicable statute of limitations; and (2) whether claims two through nine relate back to the FAC. Defendant shall file supplemental briefing no more than ten (10) pages in length by **January 6, 2023**, and Plaintiff shall file a response no more than ten (10) pages in length by **January 13, 2023**.

**IT IS SO ORDERED**.

DATE: December 12, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE