UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aparna VASHISHT-ROTA,<br><br>                         Plaintiff,<br><br>v.<br><br>OTTAWA UNIVERSITY,<br><br>                         Defendant. | Case No.: 20-cv-0959-AGS-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF 49), CLOSING CASE, AND GRANTING LEAVE TO AMEND** |

Plaintiff originally sued Ottawa University for disclosing to her former employer a confidential complaint she made about that employer. She amended her complaint to add claims that Ottawa helped her former employer harass her. Ottawa moves to dismiss, arguing that her new claims are late and that her complaint does not state a claim.

## BACKGROUND

Plaintiff Dr. Aparna Vashisht-Rota alleges she works in the "niche market" of international student recruitment through "curricular practical training" programs. (ECF 48, at 3.) That is, students who "are in between visa classes (student to work)" "enroll in these so-called CPT programs that allow a university to issue work authorization at the university level while the students await their work visas." (*Id.* at 4.) Through her then-employer "Main Agent,"[1] Vashisht-Rota helped found a CPT program at Ottawa University. In 2017, after she and Main Agent had a falling out, Main Agent "prohibited Plaintiff," refused to pay her, and sued her. (*Id.* at 5.)

Years later, in November 2019, she filed a "confidential complaint" against Main Agent with Ethics Point, a third-party vendor retained by Ottawa to process such

---

[1] In the second amended complaint, Vashisht-Rota repeatedly refers to her employer only as "Main Agent," which does not appear to be that entity's actual name. (*See* ECF 52, at 5 (referring to the employer as Howell Management Services).) The Court will nonetheless use Vashisht-Rota's preferred naming conventions.

1

grievances. (ECF 25, at 3.) Ethics Point's website "stresses repeatedly that communication is anonymous, confidential, and private." (*Id.* at 4.) Nevertheless, an Ottawa employee contacted Main Agent and "revealed, without Plaintiff's permission, her confidential and private mental health information" and the content of her complaint. (*Id.* at 5.) So, she sued Ottawa in May 2020, shortly thereafter amending her complaint in August 2020, based on breaches of fiduciary duty and privacy, infliction of emotional distress, and negligence. (*See* ECF 1 & 25.)

After her first amended complaint was dismissed, Vashisht-Rota filed a second amended complaint that explained the sensitive content of the Ethics Point grievance: Main Agent had not paid her for "two years of work" and subjected her to "harassment," including "grooming" and "unwanted sexual advances." (ECF 48, at 5, 10.) She claims two Ottawa employees—DeWald and Stevens—passed along this information and other secret complaints she'd made to Main Agent. (*Id.* at 6.)

Ottawa now seeks to dismiss the second amended complaint. (*See* ECF 49.) Ottawa argues that most of her claims are untimely because the statute of limitations has run, and the claims do not relate back. (*Id.*) In addition, Ottawa contends that the new complaint fails to state a claim. (*See id.*)

## DISCUSSION

**A.    Timeliness**

Ottawa asserts that counts 2 to 4 and 7 to 9 are untimely based on their statute of limitations. (*See* ECF 62, at 8, 8 n.2.) "Under California law, a statute of limitations runs from the moment a claim accrues." *Wu v. Sunrider Corp.*, 793 F. App'x 507, 509 (9th Cir. 2019). But even "[a]n otherwise time-barred claim in an amended pleading" can be "deemed timely if it relates back to the date of a timely original pleading." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). A new claim "relates back" if it arises "out of the conduct, transaction, or occurrence set out in the original pleading." *Id.* (cleaned up). The relation-back doctrine, which must be "liberally applied," looks to

whether the pleadings "share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Id.*

### 1. *Non-Sexual Harassment Claims (Counts 2, 4, 7–9)*

Most of Vashisht-Rota's claims have two important deadlines for statute-of-limitations purposes. First, there is an initial deadline for filing a "verified complaint" with the California Department of Fair Employment and Housing. *See* Cal. Gov't Code § 12960(b). Second, after DFEH finishes its investigation and issues a right-to-sue letter, "plaintiff may file a lawsuit in court within one year." *Lopez-Rodriguez v. Kern Med. Surgery Ctr., LLC*, No. 120CV01187ADACDB, 2022 WL 17904540, at *4 (E.D. Cal. Dec. 23, 2022); *see also* Cal. Gov't Code § 12965(c)(1)(C).

Vashisht-Rota claims she filed her complaint with DFEH on "January 5, 2020," and received her right-to-sue letter the same day.[2] (*See* ECF 48, at 2.) She then filed an "amended complaint" with DFEH in March 2020, which DFEH "deemed to have the same filing date of the original complaint and the original Right to Sue letter dated January 5, 2020." (*Id.*) So, the Court will use the January 5, 2020 date to gauge the timeliness of the claims under the Fair Employment and Housing Act and the Unruh Civil Rights Act.

####   a. *FEHA (Counts 2 & 4)*

At the time of the alleged actions, FEHA had a one-year statute of limitations for filing a verified complaint with DFEH. *See* Cal. Gov't Code § 12960(d) (effective January 1, 2018, to December 31, 2019). But starting January 1, 2020, California extended that period to three years. *See* Cal. Gov't Code § 12960(e) (effective January 1, 2020, to December 31, 2021). Although the Act "shall not be interpreted to revive lapsed claims,"

---

[2] The Court seriously doubts that DFEH completed its usually months-long investigation and issued a right-to-sue letter the very same day Vashisht-Rota filed her complaint with that agency. But at this stage, the Court must accept all facts pleaded in the complaint as true, even if they seem unlikely. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). At any rate, neither party attached the relevant right-to-sue letter—or the underlying DFEH complaint—to any of their voluminous papers.

no 2019 claims had yet lapsed on its effective date of January 1, 2020. *See* A.B. No. 9 § 3, 2019-20 Sess. (Cal. 2019). Because California's normal rule is that an enlarged statute of limitations applies to claims that have not yet expired, "the current three-year period applies to any FEHA claim that accrued . . . on or after January 1, 2019." *Gillespie v. Centerra Servs. Int'l, Inc.*, No. EDCV212028JGBSHKX, 2022 WL 16964007, at *8 (C.D. Cal. Sept. 7, 2022), *motion to certify appeal granted*, No. EDCV 21-2028 JGB (SHKx), 2022 WL 18584762 (C.D. Cal. Oct. 26, 2022).

According to Vashisht-Rota, each of these claims accrued when an Ottawa employee "forwarded the messages to the implicated party putting him on notice about Plaintiff['s] complaint which resulted [in] Main Agent doubling the severity of its harassing and retaliatory actions against Plaintiff." (ECF 48, at 8.) It's unclear whether Vashisht-Rota is referring to "messages" she sent in "Jan-Feb 2019" or the complaint filed "around November 22, 2019." (*See id.* at 5–6.) But the earliest accrual date appears to be in January 2019. In any event, she was well within the three-year period to file her DFEH grievance.

The next issue is whether she brought her FEHA claims to court within one year of receiving DFEH's right-to-sue letter. That letter was issued on January 5, 2020, and over a year later, on January 11, 2021, she filed her second amended complaint, which first mentioned her FEHA-related causes of action. (*See* ECF 48.) So, unless those claims relate back to her August 2020 first amended complaint, they are late.

The relation-back inquiry turns on whether these claims share a "common core of operative facts" with the earlier pleading. The first amended complaint involved privacy claims arising from an Ottawa employee disclosing Vashisht-Rota's "confidential" Ethics Point report to her former employer. (*See* ECF 25, at 5–11.) Similarly, in her second amended complaint, the basis of Vashisht-Rota's FEHA claims is that an Ottawa employee "forwarded" her complaints to her former employer, who then "doubl[ed] the severity" of its harassment towards her. (*See* ECF 48, at 8.) Although the second amended complaint's FEHA claims are slightly broader that the allegations in the first amended complaint, encompassing a few messages before the Ethics Point report, they nonetheless arise from

4

the same general "occurrence or transaction" and "share a common core of operative facts." *See ASARCO*, 765 F.3d at 1004. Applying the relation-back doctrine liberally, as this Court must, these claims relate back to the August 2020 amended complaint, which was filed the same year as the right-to-sue letter. (*See* ECF 25.) Thus, the request to dismiss the FEHA claims as time-barred is denied.

      b. *Unruh and Section 51.5 (Counts 7–9)*

A one-year statute of limitations for alerting DFEH applies to Vashisht-Rota's Unruh Act and California Civil Code § 51.5 claims. *See* Cal. Gov't Code § 12960(e); Cal. Gov't Code § 12960(d) (effective Jan. 1, 2018, to December 31, 2019).

For count 7, it is impossible to determine from Vashisht-Rota's conclusory allegations when Ottawa "fail[ed] to accommodate and discriminated against Plaintiff based on Plaintiff's gender and race." (*See* ECF 48, at 15.) Regardless, when a plaintiff does not plead enough information to determine the accrual date, the court cannot dismiss based on the statute of limitations. *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995) (noting that motions to dismiss are a disfavored way to adjudicate timeliness unless "it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim"); *see also Ortega v. Santa Clara Cnty. Jail*, No. 19-17547, 2021 WL 5855066, at *1 (9th Cir. Dec. 9, 2021) ("Plaintiffs are generally not required to plead around affirmative defenses." (cleaned up)).

But counts 8 and 9 are a different matter. Both arise from the November 2019 Ethics Point report. So, when Vashisht-Rota filed her DFEH complaint a couple months later on January 5, 2020, she was well within the one-year deadline for complaining to DFEH. And, like the FEHA-only claims discussed earlier, the relation-back doctrine brings these counts within the one-year court-filing deadline. So, the timeliness attack fails here, too.

    **2. *Sexual Harassment (Count 3)***

A two-year statute of limitations applies for normal California Civil Code section 51.9 sexual-harassment claims. *See W. Shield Investigations & Sec. Consultants v. Super. Ct.*, 98 Cal. Rptr. 2d 612, 624 (Cal. 2000) (holding that section 51.9 claims use the

"limitations period for personal injury actions"); *Avalos v. Kirchen-Rolph*, No. 121CV00084CDBPC, 2023 WL 5935698, at *4 (E.D. Cal. Sept. 12, 2023) (noting the two-year "statute of limitations for personal injury claims" (citing Cal. Civ. Proc. Code § 335.1)). But Vashisht-Rota doesn't bring a standard section 51.9 claim. That is, she doesn't contend that Ottawa made sexual advances or the like, but instead that it "aid[ed] and abett[ed]" Main Agent's sexual harassment of her. (ECF 48, at 9.) Section 51.9 does not mention aider-or-abettor liability. But FEHA does. *See* Cal. Gov't Code § 12940(i) (prohibiting "aid[ing]" or "abet[ting]" sexual harassment).

Either way, the sexual-harassment claim is timely. Vashisht-Rota reported this harassment to Ottawa in November 2019, and she brought this claim in her second amended complaint over a year later in January 2021. This falls within the standard two-year deadline for section 51.9 claims. But even if the FEHA limitations period applies, this claim would relate back in the same manner discussed earlier.

Therefore, based on the current evidence, Vashisht-Rota's claims are all timely.

**B.     Motion to Dismiss for Failing to State a Claim**

To survive a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). Facial plausibility requires more than mere "conclusions" or a "formulaic recitation" of elements; it must be based on "factual allegations" that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

### 1. *Vicarious Liability for Negligence (Count 1)*

In count 1, Vashisht-Rota generally alleges that Ottawa is vicariously liable for "Main Agent's negligence," on an agency theory. (ECF 48, at 7.) She also claims that Ottawa is responsible for the actions of its employees, DeWald and Stevens, who failed to "appropriately handle protected activity by a minority woman" and who "shared private information with the implicated party," respectively. (*Id.*) Ottawa responds that there are

insufficient allegations that it is in an agency relationship with Main Agent or these employees. Moreover, it argues that there are no plausible negligence allegations.

### a. *Agency Relationship*

Vicarious liability or "respondeat superior" imposes liability on a "principal" (typically an employer) for the actions of its "agents" (typically employees). *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 450 (9th Cir. 2018). "In determining whether vicarious liability may be imposed, the extent of control exercised by the principal is the essential ingredient." *Id.* (cleaned up). To prove that Ottawa exercises that level of control over Main Agent, Vashisht-Rota points to the following allegations:

> Defendant has delegated the Main Agent [to] act . . . on its behalf for international recruitment. Defendant controls the activities of the Main Agent with respect to Defendant's recruitment due to US immigration laws. Defendant decides recruitment and admissions policies that the Main Agent has to follow. Defendant has the right to control the activities of the alleged Main Agent and controls the Main Agent.

(ECF 48, at 4.)

The problem is that this critical paragraph is entirely conclusory, save the assertion that Ottawa "decides recruitment and admissions policies" that Main Agent must "follow." But that lone factual allegation is not enough to push the complaint beyond the speculative. Vashisht-Rota must do more than establish that Ottawa has "some control" over Main Agent, and even setting unrelated "guidelines and procedures" is not enough to trigger vicarious liability. *See Jones*, 887 F.3d at 451. In short, there is nothing in the complaint to plausibly suggest Ottawa is vicariously liable for Main Agent's employment actions or decisions. *See Vashisht-Rota v. Harrisburg Univ.*, No. 3:20-cv-00967-RBM-KSC, 2023 WL 35216, at *8 (S.D. Cal. Jan. 4, 2023) (finding implausible Vashisht-Rota's similar allegations linking Harrisburg University and Main Agent).

DeWald and Stephens are another matter, however. Vashisht-Rota alleges they are Ottawa's direct employees, and she even provides their titles: "supervisor for international recruitment" and "supervisor for compliance." (ECF 48, at 7.) She also asserts that they

received details of complaints about a university contractor—which presumably are only available to university employees—and then passed those details on to Main Agent. (*See id.*) These facts plausibly allege that DeWald and Stephens were Ottawa's employees and "acting within the scope of [their] employment" when they engaged in the criticized conduct. *See Lee v. Bank of Am., N.A.*, No. 21-CV-07231-JSC, 2022 WL 595877, at *6 (N.D. Cal. Feb. 28, 2022).

    b. *Negligence*

Even if Ottawa is responsible for DeWald and Stephens's actions, Ottawa objects that it had no duty to Vashisht-Rota that they could have violated. To plausibly allege negligence, plaintiffs must establish that "defendant had a *duty* to use due care, that he breached that *duty*, and that the breach was the proximate or legal cause of the resulting injury." *See Brown v. USA Taekwondo*, 483 P.3d 159, 164 (Cal. 2021) (emphasis added).

In Count 1, Vashisht-Rota fails to explain what duty DeWald, Stephens, or Ottawa owed her. There is no evidence that Ottawa ever employed her. Several years before this lawsuit, she worked for an Ottawa contractor, but she doesn't offer any explanation for how a past relationship with another business created any duty for Ottawa. Although Ottawa spent several pages arguing this point (*see* ECF 49-1, at 19–22), Vashisht-Rota didn't respond to it at all. (*See generally* ECF 52.) The closest she comes to any rebuttal is in the "Factual Background" section of her opposition brief. There she lays out in more detail[3] the contact with DeWald and Stephens and then simply declares, without citation,

---

[3] The Court has not considered these new details or the many documents attached to Vashisht-Rota's responsive papers, as the second amended complaint must be judged on its own merits without supplementation. "As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001) (cleaned up). The Court already explained this legal principle once to Vashisht-Rota in a related case. *See Vashisht-Rota*, 2023 WL 35216, at *3. Similarly, defendant's request to take judicial notice of 15 exhibits is **DENIED**. (*See generally* ECF 49-2.) To adjudicate the pending motion to dismiss, the Court did not rely on—nor did it need to consider—any of those documents.

that Ottawa violated its "duty." (*Id.* at 6–7.) "In most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Beaver v. Omni Hotels Mgmt. Corp.*, No. 20-CV-00191-AJB-KSC, 2021 WL 1174719, at *9 (S.D. Cal. Mar. 29, 2021). Because Vashisht-Rota's second amended complaint does not allege any violated duty that could support a negligence claim—and her brief ignores the issue—the Court grants the motion to dismiss Count 1 in its entirety.

### 2. FEHA (Counts 2–4)

Ottawa moves to dismiss the FEHA claims on the grounds that it was not Vashisht-Rota's boss and she has not plausibly alleged harassment or retaliation.

#### a. *Employer*

First, Ottawa contends that it "was not Plaintiff's employer as defined under FEHA." (ECF 49-1, at 25.) In fact, the second amended complaint explicitly states that "Main Agent"—not Ottawa—was Vashisht-Rota's "former employer." (ECF 48, at 3.)

But this is not a basic employment-discrimination case, which may "only" be brought against "an employer." *See Reno v. Baird*, 957 P.2d 1333, 1335 (Cal. 1998). Rather, Vashisht-Rota alleges claims that reach a broader array of defendants. Under FEHA, non-employers may be liable for retaliation (count 2), harassment (count 3), and aiding and abetting (count 4). *See* Cal Gov't Code § 12940(h) (forbidding retaliation by "any employer, labor organization, employment agency, *or person*" (emphasis added)); *id.* § 12940(i) (forbidding "any *person* to aid" or "abet" "any of the acts forbidden under this part" (emphasis added)); *id.* § 12940(j)(1) (forbidding harassment by an "employer . . . or any other *person*" (emphasis added)); *see also id.* § 12925 (defining "Person" broadly to include "individuals, partnerships, associations, corporations, limited liability companies, legal representatives, trustees, trustees in bankruptcy, and receivers or other fiduciaries"); *Reno*, 957 P.2d at 1335 (explaining that FEHA treats discrimination and harassment "differently," as "only 'an employer'" can be sued for discrimination, but "an employer . . . or *any other person*" may be liable for harassing an employee" (emphasis added)).

So, Vashisht-Rota need not allege that Ottawa was her employer for counts 2 to 4.

b. *Harassment and Retaliation*

Next, Ottawa protests that Vashisht-Rota fails to plausibly plead she faced either harassment or retaliation. In each of counts 2 through 4, she alleges that Main Agent harassed her and that Ottawa, in various ways, bolstered or aided that harassment in retaliation for her complaint. (*See* ECF 48, at 8 (Count 2: "[Ottawa's employee] forwarded the messages to the implicated party putting him on notice about Plaintiff['s] complaint which resulted [in] Main Agent doubling the severity of its harassing and retaliatory actions against Plaintiff."); *id.* at 10 (Count 3: "Main Agent made unwelcome sexual advances towards Plaintiff," and Ottawa "aided [the] harassment and abuse of power by Main Agent."); *id.* at 12 (Count 4: "Defendant knew and should have known of the conduct given the complaints and failed to take immediate and corrective action.").)

The problem with Vashisht-Rota's factual allegations is that they are devoid of details about the harassment's severity. The second amended complaint instead simply—and repeatedly—declares it severe and pervasive. (*See, e.g.*, *id.* at 5 ("Plaintiff alleges she faced harassment."); *id.* at 11 ("Plaintiff alleges that a reasonable person in Plaintiff's circumstances would have considered the environment with the Defendant and the Main Agent hostile, intimidating, abusive, oppressive, coercive, and offensive."); *id.* at 12 ("The harassment is severe and pervasive lasting 5 years.").) That will not do. These are mere "conclusions" or "formulaic recitation[s]" of elements, which are insufficient to state a claim. *See Twombly*, 550 U.S. at 555. Thus, counts 2 to 4 must also be dismissed.

**3. *Unfair Competition (Count 5)***

Vashisht-Rota's Unfair Competition Law claim also falls, as it is derivative of other claims that are now dismissed. California prohibits unfair competition by means of "any *unlawful*, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200 (emphasis added). "Because the statute is written in the disjunctive, it is violated where a defendant's act or practice violates any of the foregoing prongs." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). Vashisht-Rota contends that she meets

the "unlawful" prong with allegations of "retaliating," "aiding and abetting harassment," and "failing to prevent harassment." (ECF 48, at 12.) In other words, she links her "unlawful prong" proof to counts 2 to 4. Since those predicate FEHA claims are dismissed for failing to state a claim, her Unfair Competition Law claim must meet the same fate. *See Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017).

### 4. *Cartwright Act (Count 6)*

Ottawa also attacks Vashisht-Rota's Cartwright Act claim. In count 6, she asserts that Ottawa and others "agreed to boycott Plaintiff with the purpose to restrain[] competition and to 'block her.'" (ECF 48, at 13.) Such a restraint-of-trade claim "must allege (1) the formation and operation of the conspiracy, (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting from such act or acts." *Kunert v. Mission Fin. Servs. Corp.*, 1 Cal. Rptr. 3d 589, 605 n.15 (Ct. App. 2003). The pleading of such violations "demands a high degree of particularity." *Starlight Cinemas v. Regal Ent. Grp.*, No. CV 14-5463-R, 2014 WL 7781018, *1 (C.D. Cal. Oct. 23, 2014). "General allegations of a conspiracy unaccompanied by a statement of facts constituting the conspiracy and explaining its objectives and impact in restraint of trade will not suffice." *Id.*

Other than conclusory allegations, however, Vashisht-Rota has not described any conspiracy—or any agreement whatsoever—involving Ottawa. She offers some vague assertions about how Main Agent restricted her trade by requiring her to get "approvals" from it (ECF 48, at 14), but she never sufficiently alleges that Ottawa *agreed* with Main Agent to do so. (*See generally* ECF 48, at 13–14.) This same failing was identified in one of Vashisht-Rota's related cases, and the criticism remains just as valid here: The operative complaint "merely contains a conclusory allegation that Defendant and Main Agent 'agreed to boycott Plaintiff with the purpose to restrain[] competition and to block her.' The [complaint] offers no details as to a specific time, place, or person involved in how Defendant allegedly 'agreed to boycott Plaintiff.' [It] therefore insufficiently shows the formation and operation of a conspiracy." *Vashisht-Rota*, 2023 WL 35216, at *7 (cleaned up). Count 6 cannot stand.

### 5. *Unruh Civil Rights Act (Counts 7 & 9)*

In counts 7 and 9, Vashisht-Rota alleges violations of the Unruh Civil Rights Act (California Civil Code section 51), but this law "has no application to employment discrimination" or any other issue in this case. *See Brennon B. v. Super. Ct.*, 513 P.3d 971, 988 (Cal. 2022). This statute is exclusively concerned with non-discriminatory access to California businesses by that business's "clients, patrons or customers." *Alcorn v. Anbro Eng'g, Inc.*, 468 P.2d 216, 220 (Cal. 1970). It cannot serve as the basis for an employment-discrimination claim, as that "would create an end-run around the administrative procedures of FEHA." *Bass v. Cty. of Butte*, 458 F.3d 978, 982 (9th Cir. 2006). Counts 7 and 9 are dismissed.[4]

### 6. *Civil Code Section 51.5 (Count 8)*

In count 8, Vashisht-Rota alleges a violation of California Civil Code section 51.5 that seems to be missing any allegations regarding the essential element of "intentional discrimination." *See Long v. Playboy Enters. Int'l, Inc.*, 565 F. App'x 646, 647 (9th Cir. 2014). Section 51.5 requires, in pertinent part, that "no business establishment of any kind whatsoever shall discriminate against, boycott or blacklist . . . any person in this state on account of [gender]." Cal. Civ. Code § 51.5(a). Although Vashisht-Rota insists that Ottawa has a gender animus, her allegations are conclusory. (*See* ECF 48, at 16 ("Based on stereotypes and personal biases, Defendant created a harassment reporting policy that treated Plaintiff less favorably than others.").)

The nearest she comes to addressing this element is claiming that Ottawa treated her differently than Main Agent. Specifically, she charges that, based "on misogyny" and "gender roles," Ottawa "failed to implement the same harassment policy for the Main Agent." (ECF 48, at 17.) But that's not an apples-to-apples comparison. She has not alleged

---

[4] In count 7, Vashisht-Rota also references a FEHA provision: California Government Code section 12948. To the extent she intends this as a FEHA claim, it is dismissed for its conclusory allegations, just like the other FEHA claims (counts 2 to 4).

that Main Agent—or any other male individual—used the Ethics Point complaint procedure as she had, but was treated differently. Comparator allegations can establish the necessary discriminatory motive, but those comparators must be "similarly situated" to plaintiff "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006). Since Main Agent never utilized the complaint structure, it is not similarly situated to Vashisht-Rota in this most crucial respect. And so that lone allegation doesn't move the needle towards plausibility, and count 8 fails, too.

## C.  Leave to Amend

Courts should not dismiss complaints by unrepresented plaintiffs, like Vashisht-Rota, without offering them at least one opportunity to remedy identified defects, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Vashisht-Rota has already amended her complaint twice, and she even benefitted from a judicial critique of the deficiencies in her prior complaint. (*See* ECF 38.) Nonetheless, in an abundance of caution, the Court will offer Vashisht-Rota one last opportunity to cure the defects identified above. If Vashisht-Rota's next amended complaint is also dismissed for failure to state a claim, the Court would plan to dismiss her case with prejudice.

## CONCLUSION

Defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. By November 6, 2023, Vashisht-Rota may file a third amended complaint addressing the deficiencies discussed in this order. Vashisht-Rota may not add new defendants nor new causes of action to any such amended complaint; she may only add facts that address the defects identified above. Any such amended complaint "must be complete in itself without reference to" any prior complaints, *see* S.D. Cal. CivLR 15.1, and any claim not realleged in the third amended complaint will be considered waived, *see Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

The Clerk is directed to close this case. If Vashisht-Rota files an amended complaint by the deadline, the Clerk will reopen the case. If Vashisht-Rota affirmatively notifies the

Court that she will not amend, the Clerk may promptly issue a judgment. Otherwise, if Vashisht-Rota has not filed a new complaint by the deadline, the Clerk will issue a judgment on November 7, 2023.

Dated: September 22, 2023

Hon. Andrew G. Schopler
United States District Judge